**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAO YU CHEN,

               Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No. 13-72310

Agency No. A097-357-046

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2016[**]
San Francisco, California

Before: D.W. NELSON, O'SCANNLAIN, and TROTT, Circuit Judges.

    Shao Yu Chen, a native and citizen of China, seeks review of a final order of

the Board of Immigration Appeals (BIA) dismissing her appeal from an

Immigration Judge's (IJ) decision denying her application for asylum, special rule

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, withholding of removal, or protection under the Convention Against Torture (CAT).

We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

Because the BIA issued its own opinion, but also incorporated the IJ's reasoning, we review both the BIA's and the IJ's decisions together. *See Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2008). The BIA's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ramos-Lopez v. Holder*, 563 F.3d 855, 858 (9th Cir. 2009) (internal quotation marks and citation omitted) (*abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc)).

1.      The BIA reasonably determined that Chen's untimely asylum application did not qualify for an exception to the one-year bar. We will uphold the BIA's determination if it "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) (internal quotation marks omitted). An asylum applicant ordinarily must present clear and convincing evidence that she filed an application for asylum within one year of her arrival into the United States. 8 U.S.C. § 1158(a)(2)(B). The government may consider a late-filed application if the applicant establishes:

2

(1) changed circumstances that materially affect the applicant's eligibility for asylum; or (2) extraordinary circumstances directly related to the delay in filing the application. *Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) (citing 8 U.S.C. § 1158(a)(2)(D; 8 C.F.R. § 1208.4(a)(4)(i), (5)). If an applicant presents evidence that would qualify her for the "changed circumstances" exception, she must still demonstrate that she applied for asylum within a "reasonable period." 8 C.F.R. § 1208.4(a)(4)(ii). Likewise, if an applicant presents evidence that would qualify her for the "extraordinary circumstances" exception, she must still demonstrate that any delay was "reasonable under the circumstances." 8 C.F.R. § 1208.4(a)(5).

Chen entered the United States on January 25, 2005, and did not file her asylum application until October 25, 2007. Chen contends that her asylum claim developed after her April 22, 2007 baptism, which marked her formal conversion to Christianity. But Chen offers no explanation for why she waited over six months after her baptism to file her asylum claim. And while petitioner also contends that she was entitled to asylum based on her pregnancy with her second child, she does not explain why her baptism, on its own, was insufficient to cause her to seek asylum. Under these circumstances, it was reasonable for the BIA to determine that Chen unreasonably delayed in filing her application for asylum.

2.     Substantial evidence supports the BIA's determination that Chen did not qualify for withholding of removal or CAT protection.  Chen does not claim past persecution in China, and the BIA reasonably determined that Chen failed to demonstrate that she is more likely than not to face persecution due to her Christian beliefs or the birth of her second child in the United States.

Chen has not provided evidence that she was personally at risk of persecution based on her religion, and she offers no explanation why she would attend a church that is not authorized by the Chinese government.  In any event, evidence in the record demonstrates that religious persecution varies widely in China depending on region, province, politics, and ethnicity.  Chen's claim that she would be persecuted due to her Christian religious beliefs is too speculative for relief.  *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016–18 (9th Cir. 2003).

Nor has Chen produced evidence that there is a clear probability that she would face persecution due to her violation of Chinese family planning policy.  Chen failed to demonstrate that Chinese authorities would target a woman who gave birth to her second child in the United States, rather than in China.  *See Arriaga-Barrientos v. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991) (evidence of violence must support a "pattern of persecution closely tied to the petitioner"); *cf. Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1150–51 (9th Cir. 2013) (petitioner

offered evidence she would personally face sterilization). Substantial evidence in the record also supports the BIA's determination that China's family planning policies are not uniformly enforced, and Chen has offered no evidence of the region to which she would return in China let alone how strictly the policies are enforced there. *Cf. Yan Rong Zhao* 728 F.3d at 1147–48 (noting that a petitioner could demonstrate an objectively reasonable fear of persecution by providing evidence of provincial policy or of strict enforcement of that policy in her city or town).

3. The BIA reasonably determined that Chen does not qualify for special rule cancellation of removal. Substantial evidence supports the IJ's determination that Chen's testimony in support of special rule cancellation of removal was not credible. As the BIA explained, Chen's testimony contained "specific and cogent discrepancies, such as the significance and nature of the alleged abuse, and the details regarding how [Chen's] husband allegedly took her money." Further, contrary to Chen's contention, the IJ was not required to find credible Chen's testimony in support of her application for special rule cancellation simply because Chen's other testimony was credible. *Cf. Lozano Enters. v. N.L.R.B.*, 327 F.2d 814, 816 n.2 (9th Cir. 1964) ("The rule that a witness may be totally disbelieved if he is found to have testified falsely in any respect is not a command.").

5

**PETITION DENIED.**